```
UNITED STATES DISTRICT COURT                    FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                :
KEVIN KELLY and MARYROSE KELLY,                 :
                                                :
                    Plaintiffs,                 :
                                                :           MEMORANDUM
                                                :           AND ORDER
        - against -                             :
                                                :
DIANE E. LOHAN, JOHN DOE,                       :           08 CV 2205 (JG) (ARL)
PHILIP R. FRENDO, and SUFFOLK                   :
COUNTY POLICE DEPARTMENT,                       :
                                                :
                    Defendants.                 :
---------------------------------------------------------------- X
```

A P P E A R A N C E S :

    KEVIN KELLY
    MARYROSE KELLY
        25 Schley Avenue
        Lindenhurst, NY 11757
        Plaintiffs, *pro se*

    CHRISTINE MALAFI
        Suffolk County Attorney
        100 Veterans Memorial Highway
        Hauppauge, NY 11788
    By:    Brian C. Mitchell
        Attorney for Defendants

JOHN GLEESON, United States District Judge:

        Kevin and MaryRose Kelly[1] bring this *pro se* action under 42 U.S.C. § 1983, seeking damages for false arrest, unlawful search and seizure, and malicious prosecution in violation of the Fourth Amendment. The Kellys have sued Suffolk County Police Officer Diane E. Lohan, five additional "John Doe" Suffolk County Police Officers, Suffolk County Police Detective Philip R. Frendo, and the Suffolk County Police Department. Defendants move to

---

[1] Although both Kevin and MaryRose Kelly are named plaintiffs in this action, unless otherwise noted, I refer to Kevin Kelly as "Kelly" throughout this opinion.

dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the motion is granted.

BACKGROUND

The following facts are drawn from the plaintiffs' complaint, filed May 30, 2008, and are assumed to be true for the purposes of this motion.

On May 25, 2005, at nearly 1:30 a.m., Officer Lohan and approximately five other police officers entered the Kellys' home without a warrant or probable cause. Lohan arrested Kelly, who was wearing only a shirt and his underwear, and placed him in the rear of a police car. Lohan and the other officers then proceeded to search the Kellys' home and seize several items therein.[2] Kelly was taken to the Suffolk County Police Department, where he was arraigned and charged with two felonies (possession of assault weapons) and two misdemeanors (one of which was assault in the third degree). Kelly was then moved to the Suffolk County Correctional Facility in Riverhead. Kelly was released on his own recognizance on May 27, 2005.

On March 7, 2008, Kelly pled guilty to two misdemeanors[3] and the remaining charges were "adjourned in contemplation of dismissal." On May 30, 2008, the Kellys filed their *pro se* complaint and a request to proceed *in forma pauperis*, which I granted on June 23, 2008.[4]

---

[2] Although not evident from the complaint, in a pre-motion conference held before me on August 1, 2008 (hereinafter "August 1, 2008 Conference"), it became clear that the officers arrived at the Kellys' residence in response to an "alleged 911 hang-up" call. Tr. of August 1, 2008 Conference at 7.

[3] Kelly informed the Court at the October 21, 2008 oral argument that the misdemeanor convictions were based on his possession of daggers.

[4] In addition, Kelly is in the process of appealing his criminal convictions. *See* October 15, 2008 letter from Kevin Kelly.

DISCUSSION

A.  *The Legal Standard*

    1.  *Motion to Dismiss*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). Accordingly, I must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). However, I do not give effect to "legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)).

While generally "[s]pecific facts are not necessary" to state a claim so long as the statement gives the defendant "'fair notice of what the . . . claim is and the grounds on which it rests,'" *Erickson*, 127 S. Ct. at 2200 (quoting *Twombly*, 127 S. Ct. at 1964), in at least some circumstances a plaintiff must plead specific facts in order to survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1964-65. The Second Circuit has interpreted this principle as a "flexible 'plausibility standard'" under which a plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis omitted) (interpreting *Twombly*).

    2.  *42 U.S.C. § 1983's Statute of Limitations*

A claim under 42 U.S.C. § 1983 is subject to the default statute of limitations applicable to personal injury actions in the state in which the § 1983 claim is filed, which is three

years in New York. *Owens v. Okure*, 488 U.S. 235, 236, 251 (1989). The tolling provisions for a state's statute of limitations are borrowed along with the statute itself. *See Board of Regents v. Tomanio*, 446 U.S. 478, 483 (1980) (New York federal courts considering the plaintiff's § 1983 claim are "obligated not only to apply the analogous New York statute of limitations to [the plaintiff's] federal constitutional claims, but also to apply the New York rule for tolling that statute of limitations"); *see also, e.g.*, *Woods v. Candela*, 13 F.3d 574, 576 (2d Cir.) ("New York's tolling provisions govern the tolling of the statute of limitations."), *vacated on other grounds*, 513 U.S. 801 (1994).

Additionally, equitable tolling is available in "rare and exceptional" cases where "extraordinary circumstances prevented a party from timely performing a required act," and "the party acted with reasonable diligence throughout the period" to be tolled. *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks omitted); *see also Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (noting that New York law authorizes the use of the equitable estoppel doctrine to toll a statute of limitations "'when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action'" (quoting *Doe v. Holy See (State of Vatican City)*, 793 N.Y.S.2d 565, 568 (3d Dep't 2005))). The plaintiff bears the burden of establishing equitable tolling. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

B.  *The Kellys' Complaint*

    1.  *The False Arrest and Illegal Search Claims*

As noted above, the statute of limitations for false arrest and illegal search claims in § 1983 actions is three years. Claims accrue at the time of the arrest and search, *see, e.g.*, *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980), *cert. denied*, 450 U.S. 920 (1981), except in cases where prevailing on the § 1983 claim would necessarily imply that the

4

plaintiff's conviction was unlawful; in that event, the cause of action does not accrue until the conviction has been invalidated. *Woods v. Candela*, 47 F.3d 545, 546 (2d Cir. 1995) (on remand for reconsideration after *Heck v. Humphrey*, 512 U.S. 477, 489-490 (1994)); *see also Covington v. City of New York*, 171 F.3d 117, 123 (2d Cir. 1999) (remanding for factual determination of whether success of § 1983 claims would necessarily impugn conviction).

The Kellys appear to have both types of claims. Kelly's Fourth Amendment claim with respect to how he was treated by the officers -- not being allowed to get dressed and being arrested and processed in his underwear -- accrued the night of the arrest, May 25, 2005, because prevailing on this claim would not necessarily impugn the validity of his convictions. Accordingly, because the plaintiffs filed this action on May 30, 2008,[5] over three years after the date of his arrest, this claim is time-barred unless Kelly can show that he is entitled to either statutory or equitable tolling. *See Owens*, 488 U.S. at 251 (affirming application of three-year statute of limitations to § 1983 action filed in New York). There are no circumstances that would warrant equitable or statutory tolling in this case.[6] The defendants' motion to dismiss this aspect of Kelly's claim is therefore granted.

The Kellys' remaining Fourth Amendment claims -- those challenging Kelly's arrest and the search of their home -- appear to fall in the second category of claims, *i.e.*, those

---

[5] At the August 1, 2008 Conference, the Kellys explained that they mailed their complaint before May 25, 2008 because a *pro se* clerk in Suffolk County informed them that they could mail their complaint via overnight mail and retain their receipt as proof of the date of filing. Tr. 8. Regardless of when the Kellys may have mailed their complaint to the court, it is deemed filed on May 30, 2008, the day on which it was received and file-stamped by the Clerk. *See* Fed. R. Civ. P. Rules 3 and 5(d)(2). Neither the Federal Rules of Civil Procedure nor the local rules of this court authorize proper filing to be accomplished by merely depositing the complaint in the mail.

[6] During the August 1, 2008 Conference, the Kellys explained that their delay in filing was due to the fact that Mr. Kelly suffers from post-traumatic stress disorder for which he takes medication, Tr. 10-11, and the Kellys' fear of retribution from the Suffolk County Police Department. Tr. 9. While Mr. Kelly's health circumstances are unfortunate, neither of these explanations rises to the level of "extraordinary circumstances" warranting equitable tolling. Furthermore, none of the New York statutory grounds for tolling are apparently relevant in this case. *See* N.Y. C.P.L.R. 204(a), 207-09. Moreover, the Kellys have failed to meet their burden of establishing eligibility for statutory tolling in the first instance. *See Vallen v. Carrol*, No. 02-CV-5666 (PKC), 2005 WL 2296620, at *3 (S.D.N.Y. Sept. 20, 2005) (citing *Doe*, 793 N.Y.S.2d at 567-68).

5

that accrue if and when Kelly's convictions are invalidated. These remaining claims I dismiss without prejudice as unripe. If Kelly prevails on his pending appeal of his criminal convictions, these claims will accrue at that time and he will have three years to reinstate them.[7]

    2. *Malicious Prosecution*

The defendants argue that Kelly has failed to state a claim of malicious prosecution because he has failed to establish that his criminal proceeding terminated in his favor. "It is well settled in New York that in order to maintain a claim for malicious prosecution, the plaintiff must establish not only that defendant instituted a criminal proceeding against him without probable cause and with malice, but also that the proceeding itself was finally terminated in plaintiff's favor." *Cardi v. Supermarket Gen. Corp.*, 453 F. Supp. 633, 634 (E.D.N.Y. 1978) (citing *Martin v. City of Albany*, 42 N.Y.2d 13 (1977); *Broughton v. Schanbarger*, 37 N.Y.2d 451 (1975)); *see also Singleton*, 632 F.2d at 193.

A guilty plea is, of course, not a termination in favor of the plaintiff. *See Fulton v. Robinson*, 289 F.3d 188, 196 (2d Cir. 2002) ("Where a prosecution did not result in an acquittal, it is generally not deemed to have ended in favor of the accused, for the purposes of a malicious prosecution claim, unless its final disposition is such as to indicate the accused's innocence."). In addition, an acceptance of an "adjournment in contemplation of dismissal" pursuant to N.Y. Crim. Proc. Law § 170.55 does not constitute a termination in favor of the plaintiff "because it leaves open the question of the accused's guilt … and allows the state to pursue the criminal prosecution in the interests of justice during the conditional period." *Fulton*, 289 F.3d at 196; *see also Singleton*, 632 F.2d at 193; *Cardi*, 453 F. Supp. at 635 (noting that

---

[7] The Kellys have brought all of their claims in tandem in this action and MaryRose Kelly has not asserted that any of her claims, which presumably would not be barred by *Heck*, should proceed on a separate track from her husband's. Had she done so, however, her claims would nonetheless be time-barred for the reasons discussed above.

even a dismissal resulting from an adjournment in contemplation of dismissal "cannot be equated with a determination favorable to the accused sufficient to support a malicious prosecution claim").

Kelly pled guilty to two misdemeanors and accepted an adjournment in contemplation of dismissal with respect to the remaining charges on March 7, 2008. Accordingly, Kelly's claim for malicious prosecution is dismissed because he is unable to show that the charges against him terminated in his favor. In the event that Kelly's criminal appeal is successful and he receives a favorable determination, he may re-file his malicious prosecution claims at that time.

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is granted. The Clerk is respectfully directed to close the case.

So ordered.


John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
October 23, 2008